UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE FISCHER, | § § | |
| *Plaintiff,* | § § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-03522 |
| AMGUARD INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Stephanie Fischer ("Plaintiff") and files **Plaintiff's Original Complaint**, complaining of AmGuard Insurance Company ("AmGuard") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Stephanie Fischer, is an individual who resides and is domiciled in Texas in the judicial district. Plaintiff owns a home at 10856 Circle Drive, Willis, Texas 77318.

2. Defendant, AmGuard Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff request service of citation upon AmGuard Insurance Company, through its registered agent for service**:** **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff request service at this time.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over AmGuard Insurance Company because this Defendant

engages in the business of insurance in the State of Texas, and the causes of action arise out of AmGuard Insurance Company's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

2. Subject matter jurisdiction is founded upon 28 U.S.C. § 1332 which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of different States, and alleging damages of more than $75,000 exclusive of interest and costs.

3. Defendant AmGuard Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced in the State of Illinois. AmGuard is now, and was at the time this action was commenced, a citizen of the State of Illinois.

4. The events giving rise to this lawsuit occurred in Montgomery County, Texas, which sits in the Houston Division of the Southern District of Texas. Venue is properly placed under Title 28, United States Code § 1391.

## FACTS

3. This is an insurance coverage and bad faith case.

4. Plaintiff assert claims for breach of contract, common law bad faith, negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

5. Plaintiff owns an AmGuard Insurance Company insurance policy, number 282 325 999 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 10856 Circle Drive, Willis, Texas 77318 ("the Property").

6. AmGuard Insurance Company, or its agent, sold the Policy insuring the Property to Plaintiff. AmGuard Insurance Company represented to Plaintiff that the Policy included

coverage due to accidental loss from water. On or about February 21, 2020, the Property sustained extensive damage resulting from a severe and catastrophic freeze event that impacted Montgomery County, Texas area. This freeze event resulted in numerous pipe bursts and extensive water damage throughout the entire home.

7. In the aftermath of the freeze event, Plaintiff submitted a claim to AmGuard Insurance Company against the Policy for damage to the Property. AmGuard Insurance Company assigned claim number STHO140050001001001 to Plaintiff's claim.

8. Plaintiff asked AmGuard Insurance Company to cover the cost of damage to the Property pursuant to the Policy.

9. AmGuard Indemnity Company hired or assigned its agent, Calvin King ("King") with Pilot Catastrophe Services who inspected the Property. King wrote up an estimate of damages totaling $339,297.92.

| | | | | |
|---|---|---|---|---|
| Subtotal | | 328,158.08 | 2,581.08 | 325,577.00 |
| Material Sales Tax | | 11,068.17 | | 11,068.17 |
| Coverage: A. Dwelling | @ 35.44% = | 3,922.88 | | |
| Coverage: Contents | @ 64.56% = | 7,145.29 | | |
| Cleaning Mtl Tax | | 0.31 | | 0.31 |
| Coverage: A. Dwelling | @ 100.00% = | 0.31 | | |
| Cleaning Sales Tax | | 71.36 | | 71.36 |
| Coverage: A. Dwelling | @ 100.00% = | 71.36 | | |
| Total | | 339,297.92 | 2,581.08 | 336,716.84 |

STEPHANIE_FISCHER5                                    4/8/2021      Page: 34

3

10. AmGuard Indemnity Company then hired or assigned its agent, Isabel Bowie ("Bowie") to conduct a 'virtual' review of the Property and submitted an acknowledgement letter on March 8, 2021. Bowie conducted a review of the inspection which deemed the Property a total loss.

11. To date, AmGuard Insurance Company has since refused full coverage which includes, but is not limited to, all items listed in King's estimate alongside extensive personal property which was destroyed in the flood. Plaintiff has provided an inventory of personal property to AmGuard, with zero response or payment for such. The third-party inspector hired by Plaintiff to review the damage to the Property also found extensive damage the laundry room, breakfast area/room, kitchen, utility room, bunk bedroom subroom 1, bunk bedroom closet, bunk bedroom, entry/foyer, living room, entry/foyer closet, bedroom 3 closet, bedroom 3, hallway subroom 1, master bedroom, loset, master bedroom, master bathroom, hallway closet, bathroom, bedroom 2 closet, bedroom 2, and hallway areas of the home. AmGuard has made no payments on the claim whatsoever.

12. The damage to Plaintiff's Property is currently estimated at $339,297.92 pursuant to AmGuard's own agent, Calvin King.

13. As stated above, AmGuard Insurance Company has improperly and unreasonably adjusted Plaintiff's claim. AmGuard continues to provide no explanation for the denial of the claim or refusal of claim payment. Without limitation, AmGuard Insurance Company continues to misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

14. AmGuard Insurance Company has made these and other false representations to Plaintiff,

either knowingly or recklessly, as a positive assertion, without knowledge of the truth. AmGuard Insurance Company has made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient claims handling by AmGuard.

15. Plaintiff relied on AmGuard Insurance Company's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

16. Upon receipt of the inspection and estimate reports from both King and Bowie, AmGuard Insurance Company failed to assess the claim thoroughly. Based upon Bowie's grossly unreasonable, intentional, reckless and perhaps even fraudulent failure to investigate the claim properly prior to underpaying coverage, AmGuard Insurance Company failed to provide coverage due under the Policy, and Plaintiff has suffered extensive damages.

17. Because AmGuard Insurance Company failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any repairs to the Property nor has Plaintiff been able to rent the home out as a vacation rental, which was its insured purpose. This has caused additional damage to Plaintiff.

18. Furthermore, AmGuard Insurance Company failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, AmGuard Insurance Company has refused to pay any proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff. Further, AmGuard has failed to provide

Plaintiff *any* explanation for the delay and denial of their claim. To date, AmGuard has not communicated any type of claim payment would be made, albeit them conceding that this Property is a 'total loss'.

19. AmGuard Insurance Company misrepresentations, grossly unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

20. AmGuard Insurance Company conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). AmGuard Insurance Company has failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, AmGuard Insurance Company has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff's coverage due under the Policy.

21. AmGuard Insurance Company conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). AmGuard Insurance Company failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

22. Additionally, after AmGuard Insurance Company received statutory demand on or about August 18, 2021, AmGuard Insurance Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

23. AmGuard Insurance Company conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). AmGuard is aware this Property is a total loss and continues to refuse to provide full coverage to Plaintiff under the Policy.

24. AmGuard Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. AmGuard Insurance Company failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

25. AmGuard Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. AmGuard Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Bowie's understatement of the damage to the Property caused AmGuard Insurance Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

26. AmGuard Insurance Company's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT AMGUARD INSURANCE COMPANY**

27. All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

28. AmGuard Insurance Company is liable to Plaintiff for intentional violations of the Texas

Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between AmGuard Insurance Company and Plaintiff.

29. AmGuard Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of AmGuard Insurance Company's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30. AmGuard Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

31. AmGuard Insurance Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

32. AmGuard Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though AmGuard Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33. AmGuard Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of

competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34. AmGuard Insurance Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

35. AmGuard Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

36. AmGuard Insurance Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

37. AmGuard Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

38. AmGuard Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though AmGuard Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

39. AmGuard Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by AmGuard Insurance Company pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against AmGuard Insurance Company. Specifically, AmGuard Insurance Company's violations of the DTPA include, without limitation, the following matters:

    A.  By its acts, omissions, failures, and conduct, AmGuard Insurance Company have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. AmGuard Insurance Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

    B.  AmGuard Insurance Company represented to Plaintiff that the Policy and AmGuard Insurance Company's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. AmGuard Insurance Company represented to Plaintiff that AmGuard Insurance Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. AmGuard Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. AmGuard Insurance Company breached an express warranty that the damages caused by water would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. AmGuard Insurance Company's actions are unconscionable in that AmGuard Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. AmGuard Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. AmGuard Insurance Company's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

40. Each of the above-described acts, omissions, and failures of AmGuard Insurance Company is a producing cause of Plaintiff's damages. All of AmGuard Insurance Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### KNOWLEDGE

41. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

42. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

43. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

44. Plaintiff currently estimate that actual damages to the Property under the Policy are $339,297.92. Plaintiff also experienced personal property losses in the amount of $194,118.91. Plaintiff has rental income losses that continue to accrue and are payable under the Policy's Dwelling Rental Activities coverage.

45. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

46. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

47. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

48. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

49. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount AmGuard Insurance Company owed, exemplary damages, and damages for emotional distress.

50. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Courts of Appeals and/or the Supreme Court.

52. Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by 28 U.S.C. § 1332(a) Plaintiff's counsel states that the matter in controversy exceeds the sum or value of $75,000 including statutory interest, punitive damages, penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

53. Plaintiff hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in the Houston Division of the Southern District of Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, AmGuard Insurance Company, be cited and served to appear and that upon trial hereof, Stephanie Fischer, recovers from Defendant, AmGuard Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

    Respectfully submitted,

    By: /s/ *Chad T. Wilson*

    Chad T. Wilson
    Southern District Bar No. 2249683
    Bar No. 24079587
    Amanda J. Fulton
    Southern District Bar No. 1348764
    Bar No. 24077283
    **CHAD T. WILSON LAW FIRM PLLC**
    455 E Medical Center Blvd, Ste 555
    Webster, Texas 77598
    Telephone: (832) 415-1432
    **cwilson@cwilsonlaw.com**
    **afulton@cwilsonlaw.com**

    **ATTORNEYS FOR PLAINTIFF**