IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE FISCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-03522 |
| | § | |
| AMGUARD INSURANCE COMPANY | § | (JURY) |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant AmGUARD Insurance Company files this Answer to Plaintiff's' Original Complaint.

**PARTIES**

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

1.(5)   Defendant admits jurisdiction is proper in this Court but generally denies that the Plaintiff has produced any evidence to support her claims for monetary relief.

2.(6)   Paragraph 2.(6) of the Complaint does not state allegations which require a response.

3.(7)   Defendant denies the allegations contained in Paragraph 3.(7) of the Complaint.

4.(8)   Defendant admits venue is proper in this Court but generally denies that the Plaintiff has produced any evidence to support her claims for monetary relief.  Defendant admit Plaintiff's property is located in Willis, Montgomery County, Texas.

## FACTS

3.(9)   Paragraph 3.(9) of the Complaint does not state allegations which require a response.

4.(10)  Paragraph 4.(10) of the Complaint does not state allegations which require a response.

5.(11)  Defendant admits AmGUARD issued a policy of insurance for Plaintiff's Property, effective August 14, 2020, to August 14, 2021, (the "Policy") but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.(11) of the Complaint.

6.(12)  Defendant admits AmGUARD issued a policy of insurance for Plaintiff's Property, effective August 14, 2020, to August 14, 2021, subject to the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy, but otherwise denies the allegations in paragraph 6.(12) of the Complaint.

7.(13)  Defendant admits Plaintiff submitted a claim to AmGUARD under the Policy for damage (the "Claim"), and Defendant assigned claim number STHO140050-001-001-001 to Plaintiff's Claim.  Defendant denies the remaining allegations in paragraph 7.(13) of the Complaint.

8.(14)  Defendant admits Plaintiff sought coverage for damage to the Property but denies the remaining allegations in paragraph 8.(14) of the Complaint.

9.(15)  Defendant admits Defendant assigned Pilot Catastrophe Services, Inc. to inspect the Property, and Calvin King inspected the Property and prepared an estimate for repairs to the Property.  Defendant denies the remaining allegations in paragraph 9.(15) of the Complaint.

10.(16) Defendant denies the allegations in paragraph 10.(16) of the Complaint.

11.(17) Defendant admits Plaintiff has provided documents to Defendant but denies the allegations in paragraph 11.(17) of the Complaint.

12.(18) Defendant denies the allegations in paragraph 12.(18) of the Complaint.

13.(19) Defendant denies the allegations in paragraph 13.(19) of the complaint.

14.(20) Defendant denies the allegations in paragraph 14.(20) of the complaint.

15.(21) Defendant denies the allegations in paragraph 15.(21) of the complaint.

16.(22) Defendant denies the allegations in paragraph 16.(22) of the complaint.

17.(23) Defendant denies the allegations in paragraph 17.(23) of the complaint.

18.(24) Defendant denies the allegations in paragraph 18.(24) of the complaint.

19.(25) Defendant denies the allegations in paragraph 19.(25) of the complaint.

20.(26) Defendant denies the allegations in paragraph 20.(26) of the complaint.

21.(27) Defendant denies the allegations in paragraph 21.(27) of the complaint.

22.(28) Defendant denies the allegations in paragraph 21.(27) of the complaint.

23.(29) Defendant denies the allegations in paragraph 23.(29) of the complaint.

24.(30) Defendant denies the allegations in paragraph 24.(30) of the complaint.

25.(31) Defendant denies the allegations in paragraph 25.(31) of the complaint.

26.(32) Defendant denies the allegations in paragraph 26.(32) of the complaint.

## CAUSES OF ACTION AGAINST DEFENDANT AMGUARD INSURANCE COMPANY

27.(33) Paragraph 27.(33) of the Complaint does not state allegations which require a response.

28.(34) Defendant denies the allegations in paragraph 28.(34) of the complaint.

29.(35) Defendant denies the allegations in paragraph 29.(35) of the complaint.

30.(36) Defendant denies the allegations in paragraph 30.(36) of the complaint.

31.(37) Defendant denies the allegations in paragraph 31.(37) of the complaint.

32.(38) Defendant denies the allegations in paragraph 32.(38) of the complaint.

33.(39) Defendant denies the allegations in paragraph 33.(39) of the complaint.

34.(40) Defendant denies the allegations in paragraph 34.(40) of the complaint.

35.(41) Defendant denies the allegations in paragraph 35.(41) of the complaint.

36.(42) Defendant denies the allegations in paragraph 36.(42) of the complaint.

37.(43) Defendant denies the allegations in paragraph 37.(43) of the complaint.

38.(44) Defendant denies the allegations in paragraph 38.(44) of the complaint.

39.(45) Defendant denies the allegations in paragraph 39.(45) of the complaint.

40.(46) Defendant denies the allegations in paragraph 40.(46) of the complaint.

41.(47) Defendant denies the allegations in paragraph 41.(47) of the complaint.

### WAIVER & ESTOPPEL

42.(48) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

### DAMAGES

43.(49) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

44.(50) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

45.(51) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

46.(52) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

47.(53) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

48.(54) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

49.(55) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

50.(56) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

51.(57) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

52.(58) Defendant denies the allegations in paragraph 42.(48) of the Complaint.

### JURY DEMAND

53. (59) Defendant requests a jury trial in this case and hereby tenders the appropriate jury fee.

### SPECIFIC DENIALS

60. Defendant specifically denies Plaintiff's allegations of breach of contract, statutory and/or common law bad faith, statutory insurance code and DTPA violations, breach of the duty of good faith and fair dealing, and all other causes of action alleged herein.

61. Defendant specifically denies that all conditions precedent to Plaintiff's causes of action and claims for breach of contract and violations of the Texas Insurance Code and DTPA have occurred, in the following respects:

   (a) Plaintiff has not complied with her duties after loss as required by the Texas Insurance Policy on which she bases her breach of contract claim; and

   (b) Plaintiff has not made the repairs and/or replaced the allegedly damaged insured property so as to entitle her to compensation for replacement cost value as required by the Texas Insurance Policy on which she bases her claims.

62. Defendant specifically denies that Plaintiff is owed any amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiff's claims and causes of action herein (if any).

63. Defendant specifically denies Plaintiff's rights to recover attorneys' fees, expenses, and costs in this action.

64. Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 17.50(b)(1) of the Texas Deceptive Trade Practices Act or Section 541 of the Texas Insurance Code.

65. Defendant denies that it has waived or is estopped from asserting any defenses in tort or in contract.

66. Defendant specifically denies that Defendant AmGUARD Insurance Company's liability for Plaintiff's claim has become reasonably clear.

67. Defendant specifically denies that it failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.

68. Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiff a full explanation of the results of the claims process.

## AFFIRMATIVE DEFENSES

69. Defendant would show as an affirmative defense to Plaintiff's claims that the subject policy only affords Plaintiff the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced. If Plaintiff has not replaced or repaired the allegedly damaged property, then she is only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which she brings suit.

70. Defendant would show as an affirmative defense to Plaintiff's claims that certain property damage asserted by Plaintiff to be compensable under the insurance policy comes in fact from a risk or cause coming within a particular exception to the general liability under the policy. Specifically, all or part of the claimed damage is a result in whole or in part from events which did not occur within the Policy period. See the Policy Definitions, part B.8. (defining "Occurrence" to mean accidental property damage during the policy period).

71. Plaintiff's causes of action are barred, either in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff fails to describe how an

insurer's alleged breach of contract converts Plaintiff's contractual claim into a cause of action against Defendant for alleged violations of the Insurance Code, or constitutes a breach of the duty of good faith and fair dealing.  Plaintiff's petition instead merely alleges that Plaintiff is owed extra-contractual damages because Defendant allegedly failed to pay a disputed claim. Absent any specific factual allegations of Insurance Code violations in Plaintiff's Petition which caused damage to Plaintiff independent of the alleged contract damages sought in this lawsuit, the petition does not support a claim upon which relief can be granted.

72. Defendant further asserts, to the extent applicable, the defenses provided by §17.49(c), TEX. BUS. & COMM. CODE in that Defendant's adjustment of the claim at issue involved the rendering of professional service the essence of which is the provision of advice, judgment, opinion, or similar professional skill.  Plaintiff's claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the extent, amount, and coverage of Plaintiff's losses, and accordingly any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

73. Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

74. With regard to all of Plaintiff's extra-contractual claims, Defendant asserts a *bona fide* coverage dispute.

75. Defendant pleads that no act or omission of Defendant was the proximate cause of any injury to Plaintiff.

76. Defendant asserts that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy.  Defendant incorporates the Policy fully herein as if such were fully set forth herein, *in extenso*.  Under Texas

law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

77. To the extent that any particular covered damage items were omitted from assessment or payment, the cause for same resulted from the Plaintiff's material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiff's contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or its agents. Defendant contends that Plaintiff had a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by her in this case.

78. Pleading further, Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Defendant further pleads that any award to Plaintiff of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

79. Defendant pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiff on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

80. Plaintiff's injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of Defendant.

81. Defendant hereby asserts the Economic Loss Rule as an affirmative defense to any of Plaintiff's claims sounding in tort.

**RESERVATION OF APPRAISAL RIGHTS**

82. By answering herein, Defendant AmGuard Insurance Company does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value, amount of loss, or the cost of repair, with respect to the property damage claims of the Plaintiff, asserted in this lawsuit.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant AmGUARD Insurance Company prays that after trial, Plaintiff recover nothing, and that upon final hearing of this cause, the Court enter a judgment that Plaintiff takes nothing by way of her claims and causes of action against Defendant, that all costs of court be assessed against Plaintiff, and for such other and further relief, at law or in equity, to which Defendant may show herself justly entitled.

By: */s/ Steven O. Grubbs*
Steven O. Grubbs
Southern District Bar No. 21932
SBN 00796683
SGrubbs@sheehyware.com
Jonathan R. Peirce
Southern District Bar No. 2303246
SBN 24088836
JPeirce@sheehyware.com
**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
AMGUARD INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 16th day of November 2021 to the following counsel of record:

*Via E-service:*
Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

                */s/ Jonathan R. Peirce*
                Jonathan R. Peirce

4680098