IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE FISCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-03522 |
| | § | |
| AMGUARD INSURANCE COMPANY | § | (JURY) |
| | § | |
| Defendant. | § | |

**DEFENDANT'S DESIGNATION OF EXPERT WITNESSES**

TO: Plaintiff, Stephanie Fischer, by and through her attorneys of record, Chad T. Wilson and Amanda J. Fulton, CHAD T. WILSON LAW FIRM PLLC, 455 E Medical Center Blvd, Ste 555, Webster, Texas 77598.

COMES NOW, Defendant, AmGUARD Insurance Company ("Defendant") and in accordance with the Court's Scheduling Order and the parties' filed September 27, 2022 Rule 29 Agreement, serves its Designation of Expert Witnesses:

**I.**
**Retained Testifying Experts**

Defendant may call the following as retained testifying experts at the trial of this case:

1. **Mr. Neal Moynahan**
Cheyenne Homes
40207 Cimarron Way
Magnolia, Texas 77354
(281) 457-5729
nealmoynahan@outlook.com

Mr. Neal Moynahan is a contractor and home builder with residential and commercial construction experience who is anticipated to offer testimony regarding his educational background, his work experience in construction, and any licenses, registrations and certifications earned and/or held by him.

Mr. Moynahan will further testify as to: his review of the documents produced by Plaintiff and Defendant, as well as damage estimates and reports produced by the Plaintiff and Defendant. He will also testify concerning the reports provided by Plaintiff's expert Bret Maxson and the individual who inspected Plaintiff's property on behalf of Defendant, Calvin King, concerning their observations and findings made at the various inspection(s) of the property in question, measurements performed at the inspection(s), and repair estimates Mr. Moynahan prepared in comparison to the Maxson and King estimates based upon his review and analysis of the estimates, photographs, reports and drawings in this case; his conclusions as to the cause or causes of any exterior or interior property damage; the photographs taken at the inspection(s); and related matters.

Mr. Moynahan will also provide rebuttal testimony, if necessary, in response to Plaintiff's property damage claims and estimates of damage.

It is anticipated that Mr. Moynahan will have reviewed Mr. Maxson's estimate and reports, Mr. King's estimates and reports, photographs taken of the premises, deposition testimony taken of Plaintiff's experts and other fact witnesses, and other relevant standards, treatises and codes as which may assist him in the formation of his opinions.

Mr. Moynahan's opinions are contained in his expert report, estimates and attachments, dated February 3, 2023, being produced herewith as Bates labeled documents AMGD-FISCHER 004409-004480. Mr. Moynahan may supplement his opinions as he receives additional information. Mr. Moynahan will be made available for deposition upon request regarding the expert opinions to which he may testify at the time of trial. It is anticipated that Mr. Moynahan will offer rebuttal testimony to any reports prepared by Plaintiff's designated experts and their testimony. Mr. Moynahan's Curriculum Vitae and list of testimony as an expert at trial or deposition in the last ten years is being produced herewith as AMGD-FISCHER 004481-004483.

Mr. Moynahan's fee schedule is being produced herewith as AMGD-FISCHER 004484.

2. **John H. Andres**
Gulf Coast Claims Service
11505 Chimney Rock Road
Houston, Texas 77035
(713) 723-9434
John.Andres@gulfcoastclaims.com

Mr. Andres is a licensed Executive General Adjuster and Claims Manager in the State of Texas as well as a Chartered Property Casualty Underwriter (CPCU), Associate in Claims (AIC) and Registered Professional Adjuster (RPA). It is anticipated he will offer testimony regarding his educational background, his work experience, and the licenses and certifications earned and/or held by him.

Mr. Andres has been retained by Defendant and is expected to testify with respect to Plaintiff's bad faith claims and insurance code violation allegations, insurance industry standards for claims investigations, and Defendant's compliance with the applicable policy provisions with respect to its investigation, handling, and adjustment of Plaintiff's claim made the basis of this lawsuit. Mr. Andres is expected to testify that Defendant did not act in bad faith, did not violate the Texas Insurance Code, did not violate insurance industry standards for claims investigations, and did comply with applicable policy provisions in its investigation, handling and adjustment of Plaintiff's claim made the basis of this lawsuit.

Mr. Andres will also offer rebuttal testimony to Plaintiff's experts' opinions concerning the allegations that Defendant committed bad faith by failing to perform a reasonable investigation of Plaintiff's claim, that it violated the Texas Insurance Code and DTPA, and any other subject areas brought up by Plaintiff's experts during discovery.

Mr. Andres will have reviewed the claim file, policy documents, Original and any amended Petitions, Plaintiff's discovery responses and document production, photographs taken of the property, Plaintiff's damages report, Defendant's discovery responses and document production, deposition testimony taken of Plaintiff and other fact or expert witnesses (if any), and other relevant standards, treatises and guidelines, as which may assist him in the formation of his opinions.

Mr. Andres' opinions are contained in his expert report dated January 31, 2023, being produced herewith as Bates labeled documents AMGD-FISCHER 004485-004487. Mr. Andres may supplement his opinions as he receives additional information. Mr. Andres will be made available for deposition upon request regarding the expert opinions to which he may testify at the time of trial.

Mr. Andres' curriculum vitae is being produced herewith as AMGD-FISCHER 004488, and his fee schedule is being produced herewith as AMGD-FISCHER 004489-004491 Mr. Andres has not testified as an expert at trial or by deposition in the last four years.

Defendant reserves the right to amend and/or supplement this designation pursuant to the Texas Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

## II.
## Non-Retained Experts

The following witnesses and/or persons have not been retained by the Defendant. These witnesses may provide one or more opinions that constitute admissible expert testimony under

the Federal Rules of Evidence as determined by the Court. However, by this designation, Defendant is not waiving its right to object to and/or challenge any of the opinions and/or testimony of any of these witnesses on the grounds that said opinions and/or testimony are otherwise inadmissible under the Federal Rules of Evidence or any other applicable law.

1. **Bret Maxson**
4027 Carolina Shores Lane
League City, Texas 77573
Mr. Maxson inspected Plaintiff's property.

2. **Steven O. Grubbs**
SHEEHY, WARE, PAPPAS & GRUBBS, PC
Two Houston Center
909 Fannin, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

Mr. Grubbs is an attorney, licensed in the State of Texas, who has practiced law for over twenty-six years. It is anticipated that Mr. Grubbs will testify as to his educational background and work experience. He will also offer testimony as to the various professional organizations and bar associations of which he is a member.

Mr. Grubbs will further testify as to: his review of the Plaintiff's counsel's claimed attorney's fees and expenses related to their handling of this case; his review of the attorney's fees and expenses claimed for any appeal of the verdict reached in the trial court; reasonable and customary attorney's fees and expenses for handling the type of claim asserted by Plaintiff and her counsel; and related matters. Mr. Grubbs is expected to opine that Plaintiff's attorney's fees are excessive and not reasonable.

Mr. Grubbs has reviewed or will review the pleadings and discovery responses filed to date, the document production of all parties, depositions taken in this case, any pre-trial motions and other documents filed in this case, and any fee statements or accounting documents reflecting the time spent prosecuting this case.

Mr. Grubbs' opinions will be based upon his experience handling similar cases for over twenty-six years as well as his training and education. His opinions will be based largely upon an analysis of the facts set forth in *Arthur Anderson v. Perry Equip. Corp.,* 945 S.W. 2d 812 (Tex. 1997) and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct.

Among the information he intends to consider in analyzing these factors is the survey data published by the State Bar of Texas concerning median hourly rates charged by

lawyers based upon a variety of criteria including location, years of practice, type of practice, and size of firm.

Mr. Grubbs will also review the filings that have occurred to date which are on file with the Court Clerk.

Mr. Grubbs has not been able to prepare a report as Plaintiff did not produce one for her attorney fee expert, but Mr. Grubbs will be made available for deposition upon request regarding the expert opinions he may testify to at the time of trial. His credentials are available at: https://www.sheehyware.com/attorney/steven-o-grubbs/#credentials.

Defendant reserves the right to amend and/or supplement this designation pursuant to the Federal Rules of Civil Procedure, Court Orders, and/or agreement between the parties.

## III.
## Designation by Reference

Further, Defendant designates any other witness identified by Plaintiff or any other party to this cause in answers to Interrogatories or in their designations of fact and expert witnesses.

Further, Defendant reserves the right to call all custodians of records who have authenticated or otherwise furnished records pertaining to the claim made the basis of this lawsuit and/or of the Plaintiff.

Additionally, there may be other individuals that may become identified through any subsequent reports or through any of the subsequent investigations conducted by the parties to this litigation, all of whom Defendant reserves the right to call as expert witnesses in this litigation.

Defendant may also call as expert witnesses in this case any person who is identified as a person with knowledge of relevant facts and who is qualified by knowledge, skill, experience, training, or education to testify about scientific, technical, or other specialized knowledge that would assist the trier of fact to understand the evidence or to determine a fact in issue in this case.

## IV.
## Right to Examine or Cross-Examine

Defendant reserves the right to cross-examine, elicit testimony from and/or call as an expert witness, live or by deposition, any of the experts designated by Plaintiff or any other Defendant in this case.

Defendant reserves the right to elicit testimony from, cross-examine and/or use any expert testimony or lay opinion testimony that would assist the jury in determining material issues of fact to the extent that same are considered expert opinions and/or testimony in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

## V.
## Right to Call Adverse Witness

Defendant may call, as adverse witnesses, all experts designated by any party to this case, even if the designating party is not a party to the case at the time of trial. In the event a present or future party designates an expert but then is dismissed or fails to call any designated expert, Defendant reserves the right to call any such expert as an adverse witness. In addition, Defendant reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and/or called by other parties to this case, including Plaintiff's designated experts. Notwithstanding such reservation however, Defendant does not concede or admit the admissibility of any such testimony with respect to the qualifications of the witness, and/or the evidentiary basis of any such testimony with respect to scientific reliability and/or relevance.

Defendant reserves the right to call to testify, as an adverse witness, any and all representatives of Plaintiff.

## VI.
## Right to Withdraw

Defendant reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate the same as a consulting expert, who cannot be called by opposing counsel.

## VII.
## Right to Substitute

Defendant reserves the right to substitute any expert witness disclosed herein with a witness or witnesses of similar education, training, background and opinions, should such substitution be necessary by reason of the scheduling of the trial of the case, the health of any expert witness disclosed herein, other professional commitments of any expert witness disclosed herein, or any other matter requiring substitution.

## VIII.
## Right to Rebuttal Witnesses

Defendant reserves the right to call undesignated expert witnesses in rebuttal, if necessary, whose identities and testimony cannot be reasonably foreseen until all other parties to this suit have designated witnesses and/or presented evidence at trial.

## IX.
## Right to Supplement or Amend

Defendant reserves the right to supplement or amend this response within the time limits imposed by the Court or any alterations of same by subsequent court order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Civil Evidence. Specifically, Defendant reserves the right to supplement these responses should Plaintiff designate experts or provide discovery responses which would require Defendant to supplement this designation to avoid unfair prejudice at trial.

**X.**
**Additional Rights**

Defendant reserves any and all additional rights it may have with regard to expert witnesses and testimony under the Federal Rules of Civil Procedure, the Federal Rules of Civil Evidence, case law and rulings of this Honorable Court.

By: *__/s/ Jonathan R. Peirce__*
Steven O. Grubbs
Southern District Bar No. 21932
SBN 00796683
SGrubbs@sheehyware.com
Jonathan R. Peirce
Southern District Bar No. 2303246
SBN 24088836
JPeirce@sheehyware.com
**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT**
**AMGUARD INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 3rd day of February 2023 to the following counsel of record:

***Via E-service:***
Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

*__/s/ Jonathan R. Peirce__*
Jonathan R. Peirce

6416686